IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANG CHANTHAVONG,,<br><br>        Plaintiff,<br><br>    v.<br><br>AURORA LOAN SERVICES, INC., a Delaware Corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (MERS); CALIFORNIA WESTERN RECONVEYANCE CORPORATION. a California Corporation, and DOES 1-100, inclusive,<br><br>        Defendants. | 2:10-cv-02269-GEB-JFM<br><br><u>ORDER TO SHOW CAUSE AND CONTINUING STATUS (PRETRIAL SCHEDULING) ORDER; FED. R. CIV. P. 4(M) NOTICE</u> |

        The August 25, 2010, Order Setting Status (Pretrial Scheduling) Conference scheduled a status conference in this case on January 31, 2011, and required the parties to file a joint status report no later than fourteen (14) days prior to the scheduling conference. The August 25, 2010 Order further required that a status report be filed regardless of whether a joint report could be procured. Defendants Aurora Bank, FSB; Aurora Loan Services, LLC; and Mortgage Electronic Registration Systems, Inc. filed a status report on January 11, 2011. Plaintiff did not file a status report as ordered.

        Therefore, Plaintiff is Ordered to Show Cause ("OSC") in a writing to be filed no later than 4:00 p.m. on February 14, 2011, why sanctions should not be imposed against him and/or his counsel under

1

Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely status report. The written response shall also state whether Plaintiff or his counsel is at fault, and whether a hearing is requested on the OSC.[1] If a hearing is requested, it will be held on February 28, 2011, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date and time. A further status report shall be filed no later than fourteen (14) days prior to the status conference.

Further, Plaintiff is notified under Rule 4(m) of the Federal Rules of Civil Procedure that Defendant California Western Reconveyance Corporation may be dismissed as a defendant in this action unless Plaintiff provides proof of service or "shows good cause for the failure" to serve that defendant within the 120 period prescribed by Rule 4(m) in a filing due no later than 4:00 p.m. on February 4, 2011.

IT IS SO ORDERED.

Dated:   January 25, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged. If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their consequences, are visited upon clients. In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).

2