IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
VANG CHANTHAVONG,              )
                               )     2:10-cv-02269-GEB-JFM
          Plaintiff,           )
                               )
     v.                        )     ORDER
                               )
AURORA LOAN SERVICES, INC., a  )
Delaware Corporation; MORTGAGE )
ELECTRONIC REGISTRATION SYSTEMS)
INC. (MERS); CALIFORNIA WESTERN)
RECONVEYANCE CORPORATION, a    )
California Corporation, and DOES)
1-100, inclusive,              )
                               )
          Defendants.          )
_____)
```

Defendants filed a motion to dismiss and to strike certain portions of Plaintiff's Third Amended Complaint ("TAC"). (ECF No. 36.) However, since this case was removed from state court based on federal question jurisdiction and only state claims now remain in the case, the Court may <u>sua sponte</u> decide whether to continue exercising supplemental jurisdiction over Plaintiff's state claims.

Under 28 U.S.C. § 1367(c)(3), a district court "may decline to exercise supplemental jurisdiction over a [state] claim" if "all claims over which it has original jurisdiction" have been dismissed. The "discretion [whether] to decline to exercise supplemental jurisdiction over state . . . claims is triggered by the presence of one of the conditions in § 1367(c), [and] is informed by the . . . values of

1

economy, convenience, fairness and comity" as delineated by the Supreme Court in <u>United Mine Workers of America v. Gibbs</u>, 383 U.S. 715, 726 (1966). "In a case in which all federal law claims are eliminated before trial, the balance of these factors will generally point toward declining to exercise jurisdiction over the remaining state law claims." <u>Nishimoto v. Federman-Bachrach & Assoc.</u>, 903 F.2d 709, 715 (9th Cir. 1990).

Judicial economy does not favor continuing to exercise supplemental jurisdiction since none of the state claims have been addressed on the merits. <u>See</u> <u>Otto v. Heckler</u>, 802 F.2d 337, 338 (9th Cir. 1986) ("[T]he district court, of course, has the discretion to determine whether its investment of judicial energy justifies retention of jurisdiction or if it should more properly dismiss the claims without prejudice.") (citation omitted). Nor do the comity and fairness factors weigh in favor of exercising supplemental jurisdiction since "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." <u>Gibbs</u>, 383 U.S. at 726. Therefore, Plaintiff's state claims are remanded to the Superior Court of California in the County of Sacramento, from which this case was removed.

Dated:  January 19, 2012

_____
GARLAND E. BURRELL, JR.
United States District Judge